IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO. 2:20 CR-20014-003 |
| | ) | |
| BRENDA GOLDEN DAY | ) | |

### DEFENDANT BRENDA GOLDEN DAY'S SENTENCING MEMORANDUM

Defendant Brenda Golden Day ("Day"), by and through counsel, respectfully submits this Sentencing Memorandum in support of her request that this Court grant her a downward variance from her final Guidelines range calculation and requests that this Court impose a sentence of imprisonment below her recommended Guidelines range of 188 to 235 months.

### Anticipated Time Needed for Hearing

At this time Day is considering calling one or two witnesses at the sentencing hearing who may be able to provide relevant testimony for the Court's sentencing consideration. In addition, Day anticipates providing testimony at the hearing. Statements and arguments of counsel will also be presented. Day anticipates that the length of time necessary for this sentencing hearing will be 45 minutes.

### Prior Proceedings

The PSIR accurately reflects the relevant procedural history and offense conduct.

### Framework for Sentencing

A "district court should begin [a sentencing proceeding] with a correct calculation of the [defendant's] advisory Sentencing Guidelines range." *United States v. Braggs*, 511 F.3d 808, 812

(8th Cir. 2008). A defendant's sentencing range "is arrived at after determining the appropriate Guidelines range and evaluating whether any traditional Guidelines departures are warranted." *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008). "[A]fter giving both parties a chance to argue for the sentence they deem appropriate, the court should consider all of the factors listed in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by either party." *Braggs*, 511 F.3d at 812. "The district court may not assume that the Guidelines range is reasonable, but instead 'must make an individualized assessment based on the facts presented.'" *Id.*, (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)); *see also Nelson v. United States*, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable.").

The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see also United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)) ("[I]t will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable."). "If the court determines that a sentence outside of the Guidelines is called for, it 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Braggs*, 511 F.3d at 812 (quoting *Gall*, 128 S. Ct. at 597). "The sentence chosen should be adequately explained so as 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Braggs*, 511 F.3d at 812.

The court makes findings of fact under a preponderance of the evidence standard. *See e.g., United States v. Bah*, 439 F.3d 423, 426 n. 1 (8th Cir. 2006) ("[J]udicial fact-finding using a

preponderance of the evidence standard is permitted provided that the [Sentencing Guidelines] are applied in an advisory manner."). The court may consider a wide variety of evidence, including the undisputed portions of the PSIR, as well as the testimony and other evidence the parties introduce at the sentencing hearing. The court does not "put on blinders" and only consider the evidence directly underlying Defendant's offenses of conviction. For example, the court may consider other relevant conduct in calculating Defendant's Guidelines range. *See* U.S.S.G. § 1B1.3 (2008). The sentencing judge is afforded great discretion in determining the credibility of witnesses and making findings of fact. *United States v. Bridges*, 569 F.3d 374, 378 (8th Cir. 2009).

### Factual Background and Argument

The basic facts of this matter are adequately set forth in the PSIR. Day submits this Court should know and consider the following additional information to substantiate her request for a downward variance from the applicable Guidelines range, so this Court may better formulate a fair and reasonable sentence under these individualized circumstances.

Day was charged in a five-count indictment with three other codefendants. Day's role in the charged conspiracy was as a minor player. She was not in a leadership or organizing role in this conspiracy. On November 17th, 2020, Day pled guilty to one count of Distribution of More than Five Grams of Methamphetamine.

Day is a 36-year-old female who has been living with and battling a drug addiction since she was 14 years old. In this case and under the federal system, Day is classified as a "career offender." It is also, however, accurate to describe her as a human who became addicted to drugs as a child. This addiction has stayed with her for more than 22 of her 36-year-life. As explained in the PSIR, she first began using alcohol, marijuana, ecstasy, cocaine, and hallucinogens by the age of 14. She began using benzodiazepines and methamphetamine by the age of 15. Her

addiction was so bad that Day only completed formal education at an eighth-grade level, and she completed her GED while incarcerated in the Bureau of Prisons in 2015.

In addition, Day has finally turned the corner and turned her life around. She completed a Drug and Alcohol Substance Abuse Program on July 29, 2020, from True Self Recovery, and she completed an Intensive Outpatient Program with True Self Recovery on October 15, 2020.

Her criminal history score is 11, but 10 of these points are the result of her drug addiction. Day understands that this is no excuse and that a prison sentence is inevitable. However, she is seeking mercy from the Court in light of her nearly life-long addiction and the recent treatment she has completed.

## **Variance from Guidelines**

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that its decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), apply to the Sentencing Guidelines. The Court found that for Sixth Amendment purposes there was "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines...." 125 S. Ct. at 751. Reaffirming its holding in *Apprendi*, the Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the fact established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. Provisions of The Sentencing Reform Act of 1984 which make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), are incompatible with the Sixth Amendment. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id.* at 757.

Pursuant to *Booker*, a sentencing court must correctly calculate and consider the applicable Guidelines range, but it has the freedom to tailor the sentence in light of other statutory factors. *See* 18 U.S.C. § 3553(a); *see also Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the Guidelines as one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in § 3553(a) is for the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Under § 3553(a)(2), such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider additional factors, including:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));

2) the kinds of sentences available (§ 3553(a)(3)); and

3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)).

Day would urge this Court to find that a variance under 18 U.S.C. § 3553 is warranted, as § 3553(a) instructs this Court to impose a sentence "sufficient, but not greater than necessary," considering the factors set forth below.

### (A) Nature and Circumstances of the Offense and History and Characteristics of the Defendant

Day does take responsibility for her actions in this case and the instant offense. Day prays this Court consider her role in the conspiracy and deem it relatively small. Day prays that this Court will find Day's life-long addiction developed during her childhood and her recent treatment as a mitigating factor. Day's motivation for distributing methamphetamine was to help fuel her drug addiction. In addition, day urges this Court to consider the letters of support submitted on her behalf and the testimony, if any, presented on her behalf in this matter.

### (B) Need for the Sentence Imposed

This Court must make a finding that Day's conduct is serious in order to comply with the purposes delineated in § 3553(2). However, in *Gall v. United* States, 522 U.S. 38 (2007), the Supreme Court warned that imposition of an unnecessary sentence "may work to promote not respect, but derision, of the law if the law is viewed as merely the means to dispense harsh punishment without taking into account the real conduct and circumstance involved in sentencing." *Id*. at 54. A sentence within the applicable Guidelines range in this case would impose a term of imprisonment of unnecessary length, which risks derision of the law.

The need to protect the public from further crimes of the defendant and the need to rehabilitate Defendant go hand in hand in this case. Additionally, the Sentencing Commission has determined that recidivism rates decrease in correlation with an offender's age. U.S. SENTENCING COMMISSION, THE EFFECTS OF AGING ON RECIDIVISM AMONG FEDERAL OFFENDERS 31, (2017). Day's age of 36 weighs in favor of her decreased use and/or distribution of narcotics in the future.

A sentence within the applicable Guidelines range here would risk derision of the law by implicating persons can never redeem themselves and, thus, should never attempt to better themselves or society in any way.

### (C) Kinds of Sentences Available

In this case, incarceration is inevitable. The variance available relates to the length of time the defendant is sentenced to imprisonment. This Court is permitted through variance to sentence Day to a term of years below the applicable Guidelines range.

### (D) Avoiding Unwarranted Sentence Disparities

As of the date of this Sentencing Memorandum, none of Day's co-defendants have been sentenced. Day prays this Court will sentence her below that of her co-defendants sentence due to her minor role in the conspiracy of this case as well as her substantial government cooperation.

## Conclusion

For the reasons stated above, Brenda Golden Day respectfully prays that this Court grant the departure, decrease, and variance requested herein and vary, downward, from her Guidelines range.

Respectfully submitted,

Brenda Golden Day

By: _____
Jonathan D. Nelson, Ark. Bar No. 2011-017
Attorney at Law
1401 NE McClain Road
Suite 7
Bentonville, AR 72712
Telephone: (479) 250-9920
Facsimile: (479) 250-9914
nelsonlawpractice@gmail.com

## CERTIFICATE OF SERVICE

  I, Jonathan D. Nelson, state that on this 23rd day of February, 2021, I electronically filed the foregoing document with the Court, which will send notification of such filing to all CM/ECF participating counsel of record. In addition, I also sent a copy of this document via electronic mail to Brandon T. Carter, Assistant U.S. Attorney, and Stephanie Long, U.S. Probation Officer.

_____
Jonathan D. Nelson